IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

CHRISTOPHER P. HINKLE                                            PLAINTIFF
985 W. West End Road
Pekin, Indiana 47165

                                                  Case No.

v.

                                                  Judge_____

CENTRA CREDIT UNION                                      DEFENDANTS
3801 Tupelo Drive
Columbus, Indiana 47201

        SERVE:     Patricia Knorr
                        3801 Tupelo Drive
                        Columbus, Indiana 47201
                        (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 West Adams St.
Chicago, Illinois 60661

        SERVE:     The Prentice Hall Corporation System
                        251 East Ohio St., Ste. 500
                        Indianapolis, Indiana 46204
                        (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**<u>VERIFIED COMPLAINT</u>**

Comes the Plaintiff, Christopher P. Hinkle, by counsel, and for his Verified Complaint against the Defendants, Centra Credit Union ("Centra") and Trans Union, LLC ("Trans Union")

states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Centra's false reporting to Trans Union regarding an alleged delinquent debt of the Plaintiff, the Defendants' failure to investigate Plaintiff's disputes of the Defendants' false reporting, and the Defendants' failure to correct Centra's false reporting on Plaintiff's Trans Union credit report.

## II. PARTIES

2. Plaintiff, Christopher P. Hinkle, is currently and was at all relevant times a citizen of the State of Indiana residing at 985 W. West End Road, Pekin, Indiana 47165.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Centra, is an Indiana banking corporation with its principal place of business at 3801 Tupelo Drive, Columbus, Indiana 47201.

5. Centra is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

7. Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Washington County, Indiana as a result of the Defendants' doing business in Washington County, Indiana.

## IV. FACTUAL BACKGROUND

10. In or around November, 2006, Plaintiff opened a credit account with Obelisk Federal Credit Union ("OFCU"). Upon information and belief, Centra, by merger, acquired OFCU's accounts receivable in or around 2007.

11. In May 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, discovered a false and derogatory tradeline on his Trans Union credit report furnished by OFCU which, among other things, stated that Plaintiff allegedly made numerous late payments on the OFCU account in 2010 and/or 2011. Plaintiff, however, was never late on the OFCU account.

12. Plaintiff disputed the OFCU tradeline with Trans Union in May 2016 immediately upon his discovery of the tradeline.

13. Upon information and belief Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Centra of Plaintiff's dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Plaintiff.

14. In June 2016, Trans Union advised Plaintiff that it would delete the OFCU tradeline from Plaintiff's Trans Union credit report.

15. In July 2016, Plaintiff accessed his Trans Union credit report and discovered that, despite Trans Union's promise that the OFCU tradeline would be deleted, Centra was continuing to report the alleged late payments of Plaintiff's Trans Union credit report.

16. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, the Defendants failed to remove the disputed items from Plaintiff's credit report. Upon information and belief, the Defendants did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Defendants' receipt of Plaintiff's disputes.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of and failure to investigate the accuracy of the OFCU tradeline.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Centra

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Centra's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Trans Union of Plaintiff's alleged late payments on the OFCU account are violations of Centra's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

20. Centra's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Centra is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

21. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Trans Union's failure to investigate Plaintiff's dispute and its failure to remove the

disputed OFCU account from Plaintiff's Trans Union credit report despite knowledge of the falsity of the disputed item are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Trans Union's failure to investigate Plaintiff's dispute, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Centra**

25. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26. Centra's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged late payments on the OFCU account, despite Centra's knowledge of the falsity of its reporting, are willful violations of Centra's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

27. Given Centra's knowledge of the falsity of its reporting, Centra's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Centra is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

28. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

78. Trans Union's failure to investigate Plaintiff's dispute and to remove the Centra account from Plaintiff's Trans Union credit report despite Trans Union's knowledge of the falsity of the disputed item are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79. Trans Union's failure to investigate Plaintiff's dispute, to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

80. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Christopher P. Hinkle, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Christopher P. Hinkle, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*[signature]*
Christopher P. Hinkle

STATE OF INDIANA )
) SS
COUNTY OF WASHINGTON )

Subscribed, sworn to and acknowledged before me by Christopher P. Hinkle this 21st day of December, 2017.

*[signature]*
Notary Public  Gerilee Hurt
Commission expires: 2/17/2024